Michael S. Wilde (14366)
PARR BROWN GEE & LOVELESS, P.C.
101 S. 200 E., Suite 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
mwilde@parrbrown.com

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE,<br><br>      Plaintiff,<br><br>    v.<br><br>CARLOS PROPERTIES, INC. dba PROGRESSIVE PRESCHOOL & CHILD CARE CENTER, JAMIE BITTON, WAYNE M. CARLOS, DENISE CARLOS,<br><br>      Defendants. | **NOTICE OF REMOVAL**<br><br> Civil No.<br><br> Hon.<br><br>[Removal of Civil No. 250903369 from the Second Judicial District Court in and for Weber County, State of Utah] |

Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendants Carlos Properties, Inc. d/b/a Progressive Preschool & Child Care Center ("Carlos Properties"), Jamie Bitton, Wayne M. Carlos,[1] and Denise Carlos (Collectively, "Defendants"), hereby file this Notice of Removal of the above-captioned action from the Second Judicial District Court in and for Weber County, State of Utah, to the United States District Court for the District of Utah and state as follows:

## STATE COURT PROCEEDINGS

---

1 Wayne M. Carlos is erroneously named as Wayne A. Carlos by Truck Insurance Exchange in its pleadings.

1

1.      Carlos Properties, Inc. d/b/a Progressive Preschool & Child Care Center ("Carlos Properties"), Jamie Bitton, Wayne M. Carlos,  and Denise Carlos (Collectively, "Defendants") are named as defendants in Civil Action No. 250903369 filed by Plaintiff Truck Insurance Exchange ("Plaintiff") in the Second Judicial District Court in and for Weber County, State of Utah and presently pending before Judge Camille Neider (the "State Court Action").

2.      Pursuant to DUCivR 81-1(b)(1) a current copy of the State Court Action complaint sheet is attached hereto as Exhibit A.

3.      Pursuant to DUCivR 81-1(b)(2) a current copy of the State Court Action docket is attached hereto as Exhibit B.

4.      Pursuant to DUCivR 81-1(b)(3) Defendants state that no scheduling order or notice of event due dates has been entered in the State Court Action.

5.      Pursuant to DUCivR 81-1(b)(4) a single attachment containing all pleadings, motions, orders, and other relevant filings, organized in chronological order by the state court filing date is attached hereto as Exhibit C.

6.      Plaintiff filed its Complaint in the State Court Action on May 1, 2025, (the "Original Complaint") [State Court Action Dkt. No. 1]. Exhibit A, Original Complaint.

7.      Removal to this court is proper because the Second Judicial District Court in and for Weber County, State of Utah, is within the United Stated District Court for the District of Utah. 28 U.S.C. §§ 1441(a), 1446(a).

8.      This Notice of Removal is filed within 30 days of May 16, 2025, making removal timely pursuant to 28 U.S.C. § 1446(b)(3).

**BASIS FOR REMOVAL**

9.      The dispute relates to an underlying claim filed by John Doe Father, Jane Doe Mother, and Minor Child Doe against Defendants and additional defendants Tanner Dobson, Elite Gymnastics Academy, Inc. dba Elite Gymnastics Academy Newgate (Dobson and Elite Gymnastics collectively referred to herein as "Additional Underlying Lawsuit Defendants") in Civil Action No. 240906266 in the Second Judicial District Court in and for Weber County, State of Utah and presently pending before Judge Christina Ortega (the "Underlying Lawsuit"). A copy of the operative complaint in the Underlying Lawsuit is attached hereto as Exhibit D.

10.     As set forth more fully therein, the Underlying Lawsuit bring claims as follows: (1) against Defendants for alleged negligent hiring, training, retention, and supervision against Defendants; (2) against Defendants and Additional Underlying Lawsuit Defendants for negligent infliction of emotional distress; (3) against defendants Wayne M. Carlos and Denise M. Carlos for premises liability; (4) against Defendants and Additional Underlying Lawsuit Defendants for gross negligence; (5) against Defendants and Additional Underlying Lawsuit Defendants for loss of filial consortium; (6) against defendant Dobson for assault and battery; and (7) against defendant Dobson intentional infliction of emotional distress. *See generally* Ex. D.

11.     As is relevant here, the operative complaint in the Underlying Lawsuit identifies itself with a "Tier 3" designation indicating that it is seeking $300,000 or more in damages. Without admitting liability or amount of damages, based on disclosures made in the Underlying Lawsuit, Defendants reasonably believe that the plaintiffs in the Underlying Lawsuit are seeking in excess of $300,000 in damages against Defendants not taking into account other damages that may be sought against Additional Underlying Lawsuit Defendants.

12.    Defendants are being defended in the Underlying Lawsuit by certain insurers. Among those insurers is Truck Insurance Exchange ("TIE").

13.    TIE initiated the State Court Action seeking a declaration that it is not obligated to defend of indemnify Defendants in the Underlying Lawsuit.

14.    While the State Court Action does not indicate a damage amount or a tier election, based on the nature of serious conduct alleged in the Underlying Lawsuit, and Defendants reasonable belief that the plaintiffs in the Underlying Lawsuit seek in excess of $300,000, TIE's attempt to avoid any obligation for this amount puts the amount in controversy between Defendants and TIE in excess of $75,000.

15.    Furthermore, apart from the amounts being sought by the plaintiffs in the Underlying Lawsuit, TIE is currently participating in providing a defense to Defendants in the Underlying Lawsuit.  Defendants reasonable believe that TIE's portion of the defense costs in the Underlying Lawsuit will exceed $75,000.

16.    Therefore, Defendants believe and state that the amount in controversy in this matter exceeds $75,000.

17.    Defendants also believe complete diversity exists.  Plaintiff TIE alleged in the complaint in the State Court Action that it is "an inter-insurance or reciprocal exchange formed under the laws of the state of California…." Ex. A, ¶ 1.  Defendants have conducted an informal search of this statement and do not have reason to dispute it at this juncture.

18.    For Defendants, Carlos Properties, Inc. is a dba of  Progressive Preschool & Child Care Center, and a Utah corporation with its principal place of business in Utah.  Defendants

4

Jamie Bitton, Wayne M. Carlos, and Denise Carlos are all residents and citizens of Weber County, Utah.

19.     Therefore, complete diversity exists, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1367.

## CONSENT

20.     Carlos Properties, Inc. d/b/a Progressive Preschool & Child Care Center, Jamie Bitton, Wayne M. Carlos, and Denise Carlos, are the only named defendants in the State Court Action, accordingly each of these defendants stipulates to and consents to this removal as may be required under 28 U.S.C.§ 1446(b)(2).

## WRITTEN NOTICE OF REMOVAL

21.     Pursuant to 28 U.S.C. 1446(d), Defendants will provide Plaintiff written notice of the filing of this Notice of Removal.

22.     Pursuant to 28 U.S.C. § 1446(d), Defendants will file written notice of the filing of this Notice of Removal with the Second Judicial District in and for Weber County, State of Utah, attaching as Exhibit A thereto a copy of this Notice of Removal.

## PRESERVATION OF RIGHTS AND DEFENSES

23.     By removing the State Court Action, Defendants do not waive any defenses.

24.     Defendants do not admit any of the allegations in Plaintiff's complaint.

25.     Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants hereby give notice that the State Court Action, formerly pending in the Second Judicial District Court in and for Weber County, State of Utah, be removed to the United States District Court for the District of Utah.

DATED this 5th day of June 2025.

PARR BROWN GEE & LOVELESS, P.C.

/s/ Michael S. Wilde
Michael S. Wilde
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June 2025, I caused a true and correct copy of the

foregoing **NOTICE OF REMOVAL** to be served by email on the following:


Chet W. Neilson, #13561
STRONG & HANNI
102 S. 200 E., Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
cneilson@strongandhanni.com
*Attorneys for Plaintiff*